

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CASE NO. 1:01-CR-109** |
| | § | |
| **SOLOMON EVERFIELD, III** | § | |

## FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE
## BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States alleges that Defendant, Solomon Everfield, III, violated conditions of supervised release imposed by United States District Judge Howell Cobb. The United States Probation Office filed its *Petition for Warrant or Summons for Offender Under Supervision* (doc. #37) requesting the revocation of the defendant's supervised release

The Court conducted a hearing on August 6, 2013, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. Defendant was present and represented by counsel at the hearing. Having heard the evidence, this court factually finds that the defendant has violated conditions of supervision and recommends that such violation warrants the revocation of his

supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure11, the Court finds:

a.      That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

b.      That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A.  Procedural History

On November 8, 2003, The Honorable Howell Cobb sentenced the defendant after he pled guilty to the offense of possession with intent to distribute 5 grams or more of crack cocaine, a Class B felony. The Court sentenced him to 140 months imprisonment followed by five (5) years of supervised release subject to the standard conditions of release, plus special conditions to include shall not commit any offense against a foreign state or nation, financial disclosure, mental health aftercare, drug aftercare and a $100 special assessment.

Judge Cobb has since passed away. On March 4, 2008, this proceeding was reassigned to the docket of United States District Judge Marcia A. Crone.

On April 7, 2008, the Court amended Mr. Everfield's judgment to reduce his imprisonment term from 140 months to 120 months. All other provisions of the original sentence remained intact. On February 19, 2010, Mr. Everfield completed his period of imprisonment and began service of the supervision term.

### B. Allegations in Petition

The United States Probation Office alleges that the defendant violated the following mandatory condition of his supervised release:

*The defendant shall refrain from any unlawful use of a controlled substance.*

Specifically, the petition alleges that on May 18, 2013, Mr. Everfield reported to the probation office for an unscheduled office visit. He subsequently admitted, verbally and in writing, to having consumed marijuana and prescription marijuana not prescribed to him.

### C. Evidence presented at Hearing

At the hearing, the Government proffered the following evidence. If the case proceeded to a contested hearing, the Government would offer evidence showing that on May 18, 2013, Mr. Everfield reported to the United States Probation Office. At that time, he admitted to his probation officer - both verbally and in writing - that he used marijuana.

Defendant, Solomon Everfield, offered a plea of true to the allegations. Specifically, he agreed with the evidence presented and pled true to the allegation that he used a controlled substance in violation of his supervision conditions.

### D. Sentencing Guidelines; Findings and Recommended Disposition

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence

that the defendant violated a mandatory condition of his supervised release by using a controlled substance while on supervision.

A violation of supervision conditions in the manner stated above constitutes a Grade C violation under U.S.S.G. § 7B1.1(a). Upon finding a Grade C violation, the Court may revoke the defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(2). Based upon the defendant's criminal history category of V and the Grade C violation, the Sentencing Guidelines suggest a sentence of imprisonment for a period ranging from 7 to 13 months. *See* U.S.S.G. § 7B1.4(a). Because the original offense of conviction was a Class B felony, the statutory maximum imprisonment term upon revocation is 3 years. *See* 18 U.S.C. § 3583(e)(3).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

Here, the evidence and the defendant's own admission supports a finding that he violated his supervision conditions. The Court, therefore, finds by a preponderance of the evidence that the defendant committed a Grade C violation of his supervision conditions by using a controlled substance. The defendant knowingly and voluntarily pled true and agreed with the Court's recommended sentence for the violation.

Accordingly, based upon the defendant's plea of true, the agreement of the parties, and the evidence presented in this case, it is the recommendation of the undersigned United States Magistrate Judge that the District Court accept the plea of true and revoke the defendant's supervised release. The undersigned magistrate judge further recommends that the District Court order Defendant, Solomon Everfield, III, to serve a term of **seven (7) months imprisonment** with no further supervision to follow. The Court also recommends that Mr. Everfield be placed in the Federal Correctional Institution (FCI) in El Reno, Oklahoma.

## OBJECTIONS

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual

evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 7th day of August, 2013.**

_____

KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE